ALMB 3 (Rev 12/17)

**United States Bankruptcy Court**
**Middle District of Alabama**

IN RE:
**William Tommy Price**
**Janet McGough Price**
      Debtor(s).                               CASE NO. **22-31666**

**CHAPTER 13 PLAN**
May 19, 2023
☑ **Check If Amended Plan**

**1.**     **NOTICES**

      **1.1 Creditor Notices**

      **CREDITOR'S RIGHTS WILL BE AFFECTED BY THIS PLAN.** You should carefully read this and other documents sent to you, and discuss them with your attorney.

      **TO FILE AN OBJECTION TO CONFIRMATION.** An objection to confirmation must be filed not later than seven days prior to the date fixed for the confirmation hearing. The document must state with particularity the grounds for the objection.

      **PROOFS OF CLAIM.** Creditors must file a timely proof of claim to be paid under this plan. Confirmation of this plan does not bar the debtor, trustee, or a party in interest from objecting to a claim. Confirmation of this plan does not constitute the allowance or disallowance of the amount of the creditor's claim, but it does control how the claim will be paid under the plan.

| | | | |
|---|---|---|---|
| 1.1.1 | A limit on the amount of a secured claim which may result in a partial payment or no payment at all to the secured creditor, set out in paragraph 5.1. If the Included box is checked, the plan must be served on the affected creditor. Rule 3012, F.R. Bankr. P. | ☑ Included | ☐ Not Included |
| 1.1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in paragraph 6. If the Included box is checked, the plan must be served on the affected creditor. Rule 4003, F.R. Bankr. P. | ☐ Included | ☑ Not Included |
| 1.1.3 | Nonstandard provisions, set out in paragraph 17. | ☑ Included | ☐ Not Included |

**2.**     **PAYMENT AND LENGTH OF PLAN**

Debtor shall pay **$773.00** **Semi-monthly** to the chapter 13 trustee beginning **June 2, 2023**

The length of the plan is **60** months. Other payment provisions:

**3.**     **FILING FEES**

      The filing fee as prescribed by Local Rule 1006-1 shall be paid as follows:

      ☑     Filing fee paid in full directly to the clerk of court with the petition.
      ☐     Filing fee is being paid in installments directly to the clerk of court.

      ☐     Filing fee is being paid in installments through this plan as follows:

            Total filing fee:
            Initial installment paid with filing of petition:
            Remaining balance to be paid through the chapter 13 plan:     _____

**4.**     **ATTORNEY'S FEES FOR DEBTOR'S BANKRUPTCY COUNSEL**

      The following attorney's fees shall be paid through the debtor's plan payments:
      Total attorney fee:                                                              $3,750.00
      Amount paid by the debtor directly to attorney prior to filing:                   $0.00
      Net attorney fee being paid through the chapter 13 plan disbursements:       $3,750.00

**5.**     **SECURED CLAIMS**

      **5.1 SECURED CLAIMS PAID THROUGH THE TRUSTEE WHERE PLAN LIMITS VALUE OF COLLATERAL**

(Form Plan 07-07-2017)                                       1

ALMB 3 (Rev 12/17)

☐ None.

The remainder of this paragraph will be effective only if the applicable box in paragraph 1.1.1 is checked.

☑ Pursuant to 11 U.S.C. §1322(b)(2), claims being paid under this section of the plan will be modified. For secured claims of creditors, unless ordered otherwise by the court, the plan provisions below control the value of the secured claim listed below. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in the proof of claim filed in accordance with the bankruptcy rules controls over any contrary amounts listed below. The debtor proposes that the trustee make adequate protection payments prior to the confirmation of this plan pursuant to 11 U.S.C. §1326(a)(1) to the following creditors indicated below holding a purchase money security interest in personal property. Only those creditors entitled to 11 U.S.C. §1326(a)(1) adequate protection payments will receive pre-confirmation payments through the debtor's payments to the trustee. The trustee shall commence making such payments to creditors holding allowed claims secured by an interest in personal property consistent with the trustee's distribution process only after the timely filing of a proof of claim by such creditor. The trustee shall receive the percentage fee fixed under 28 U.S.C. § 586(e) on all adequate protection payments. Pre-confirmation adequate protection payments shall be applied to the principal of the creditor's claim. Upon confirmation of this plan, all secured creditors will receive adequate protection payments as set out below along with the payment of the debtor's attorney's fees. At such time as the debtor's attorney's fees have been paid in full, the creditor's claim shall be paid its specified monthly plan payments on the terms and conditions listed below.

| Creditor | Collateral Description | Amount of Debt | Collateral Value | Interest Rate | § 1326 PMSI Adeq Prot? Yes/No | Adeq Prot Pymt | Specified Monthly Payment |
|---|---|---|---|---|---|---|---|
| MAX CREDIT UNION (POC #9) | CROSS-COLLATERALIZED WITH 2021 CHEVROLET SILVERADO | $11,903.53 | $2,464.47 | 6.00% | NO | $25.00 | $52.00 |

**5.2 SECURED CLAIMS PAID THROUGH THE TRUSTEE WHERE VALUE IS NOT MODIFIED**

The claims listed below were either (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor, or (2) incurred within 365 days of the petition date and secured by a purchase money security interest in any other thing of value. The debtor proposes that the trustee make adequate protection payments prior to the confirmation of this plan pursuant to 11 U.S.C. § 1326(a)(1) to the following creditors indicated below holding a purchase money security interest in personal property. Only those creditors entitled to 11 U.S.C. § 1326(a)(1) adequate protection payments will receive pre-confirmation payments through the debtor's payments to the trustee. The trustee shall commence making such payments to creditors holding allowed claims secured by an interest in personal property consistent with the trustee's distribution process and only after the timely filing of proofs of claim by such creditors. The trustee shall receive the percentage fee fixed under 28 U.S.C. § 586(e) on all adequate protection payments. Pre-confirmation adequate protection payments shall be applied to the principal of the creditor's claim. Upon confirmation of this plan, all secured creditors will receive adequate protection payments as set out below along with the payment of the debtor's attorney's fees. At such time as the debtor's attorney's fees have been paid in full, creditors' claims shall be paid the specified monthly plan payments on the terms and conditions listed below as required under 11 U.S.C. § 1325(a)(5). Claims being paid under this section of the plan will not be affected by 11 U.S.C. § 506 and will be paid pursuant to 11 U.S.C. § 1325(a)(5).

| Creditor | Collateral Description | Amount of Debt | Collateral Value | Interest Rate | § 1326 PMSI Adeq Prot? Yes/No | Adeq Prot Pymt | Specified Monthly Payment |
|---|---|---|---|---|---|---|---|
| MAX CREDIT UNION (POC #10) | 2021 CHEVROLET SILVERADO | $52,735.53 | $55,200.00 | 6.00% | YES | $478.00 | $1,100.00 |

6. **LIEN AVOIDANCE**

☑ None.

The remainder of this paragraph will be effective only if the applicable box in paragraph 1.1.2 is checked.

The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, upon entry of the order confirming the plan a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Rule

4003(d), Federal Rules of Bankruptcy Procedure. If more than one lien is to be avoided, provide the information separately for each lien. Transfer any remaining amount after avoidance to paragraph 5.1 for treatment as a secured claim.

| Information regarding judicial lien or security interest | Calculation of lien avoidance | Treatment of remaining secured claim |
|---|---|---|

7. **SURRENDERED PROPERTY**

The debtor surrenders the following collateral. Upon confirmation, the automatic stay (including the co-debtor stay) is lifted as to surrendered collateral. Any secured claim submitted by such creditor will receive no distribution under this plan until an amended proof of claim reflecting any deficiency balance remaining following surrender, if applicable, is filed by such creditor.

| Creditor | Collateral Description | Amount of Debt | Value of Collateral |
|---|---|---|---|
| ALLY BANK C/O AIS PORTFOLIO SERVICES, LLC (POC #17) | 2022 RAM 3500 TRADESMAN 6,000 miles (NADA VALUE LISTED) (TO BE SURRENDERED) | $89,120.36 | $50,119.00 |
| SHEFFIELD FINANCIAL, A DIVISION OF TRUIST BANK (POC #2) | 2022 CAN-AM OFFROAD DEFENDER (NADA VALUE LISTED) (TO BE SURRENDERED) | $27,630.24 | $23,600.00 |
| FREEDOM ROAD FINANCIAL C/O WAYFINDER BK, LLC (POC #8) | 2017 KAWASAKI TERYX (NADA VALUE LISTED) (TO BE SURRENDERED) | $14,501.62 | $10,570.00 |
| HOMETOWNE CAPITAL | 14K 7X22 EQUIPMENT TRAILER (PDQ EQUIPMENT SALES VALUE LISTED) (TO BE SURRENDERED) | $9,285.71 | $5,695.00 |
| AMERICAN HONDA FINANCE CORPORATION (POC #3) | 2022 HONDA FOREMAN RUBICON 4X4 (NADA VALUE LISTED) (TO BE SURRENDERED) | $14,212.18 | $9,870.00 |
| KUBOTA CREDIT CORPORATION (POC #14) | KUBOTA SVL9702HFC LAND PRIDE AP-D23096 W/ 6-WAY DOZER BLADE 96" (MACHINERYPETE.COM VALUE LISTED) (TO BE SURRENDERED) | $91,610.84 | $79,900.00 |
| KUBOTA CREDIT CORPORATION (POC #6) | KUBOTA SVL75-2HFWC LAND PRIDE AP-HD74LLC LAND PRIDE AP-RG3074 LAND PRIDE AP-SA35 (MACHINERYPETE.COM VALUE LISTED) (TO BE SURRENDERED) | $69,688.13 | $52,500.00 |
| KUBOTA CREDIT CORPORATION (POC #7) | DIAMOND MOWERS DLR060-C HD ROTARY MOWER (MACHINERYTRADER.COM VALUE LISTED) (TO BE SURRENDERED) | $9,627.86 | $5,750.00 |
| MAX CREDIT UNION (POC #12) | 2021 FORD EXPLORER 30,563 miles (NADA VALUE LISTED) (TO BE SURRENDERED) | $41,544.55 | $39,450.00 |
| MAX CREDIT UNION (POC #11) | 2020 CHEVROLET SILVERADO 92,000 miles (NADA VALUE LISTED) (TO BE SURRENDERED) | $79,206.00 | $46,050.00 |
| SYNCHRONY BANK / POLARIS CONSUMER (POC #15) | 2016 POLARIS RAZOR 1000 (NADA VALUE LISTED) (TO BE SURRENDERED) | $17,220.02 | $16,935.00 |

ALMB 3 (Rev 12/17)

8. **CURING DEFAULTS**

    Pursuant to 11 U.S.C. § 1322(b)(5), the debtor shall cure defaults with respect to the creditors indicated below. The trustee shall pay through this plan the allowed claims for arrearages at 100%. Unless otherwise ordered by the court, the amount of default to be cured under this provision shall be the amount of the allowed claim filed by the creditor. The amount of arrearage listed herein is an estimate, and in no way shall this estimate limit what the trustee shall distribute to said creditor under this plan to cure the default.

| Creditor | Collateral Description | Amount of Arrearage | Interest Rate | Monthly Payment |
|---|---|---|---|---|
| PNC BANK, NATIONAL ASSOCIATION, SUCCESSOR TO PNC EQUIPMENT FINANCE, LLC | DENIS-CLMAF DAF-150D MULCHER | 12,369.90 | 0.00% | $225.00 |
| PNC BANK, NATIONAL ASSOCIATION, SUCCESSOR TO PNC EQUIPMENT FINANCE, LLC | 2021 CAM BOX DUMP TRAILER | 2,216.37 | 0.00% | $44.00 |

9. **DIRECT PAYMENTS**

    The following secured creditors or holders of long-term debt will be paid directly by the debtor to the creditor. The debtor shall make all 11 U.S.C. § 1326 pre-confirmation adequate protection payments directly to the following creditors pursuant to the terms of the contract with the creditor. The debtor shall continue to make all payments to the creditor directly pursuant to the terms of the contract following the confirmation of the debtor's plan.

| Creditor | Collateral Description | Amount of Debt | Value of Collateral | Date Payment to Resume | Direct Payment Amount |
|---|---|---|---|---|---|
| PNC BANK, NATIONAL ASSOCIATION, SUCCESSOR TO PNC EQUIPMENT FINANCE, LLC | DENIS-DLMAF DAF-150D MULCHER | $46,252.00 | $40,000.00 | JUNE 2023 | $993.25 |
| PNC BANK, NATIONAL ASSOCIATION, SUCCESSOR TO PNC EQUIPMENT FINANCE, LLC | 2021 CAM BOX DUMP TRAILER | $13,262.56 | $10,000.00 | JUNE 2023 | $284.81 |

10. **LONG-TERM DEBTS MAINTAINED THROUGH PLAN**

    The debtor proposes that the trustee maintain the following long-term debts through the plan. Prior to confirmation of this plan, the trustee shall make adequate protection payments to all of the following long term creditors indicated below. The trustee shall commence making such payments to creditors holding allowed secured claims consistent with the trustee's distribution process and only after the timely filing of proofs of claim by such creditors. The trustee shall receive the percentage fee fixed under 28 U.S.C. § 586(e) on all payments. Upon confirmation of this plan, said long term creditors will receive payments as set out below along with the payment of the debtor's attorney's fees. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Rule 3002(c), Federal Rules of Bankruptcy Procedure, or any notice of payment change filed under Rule 3002.1(b), Federal Rules of Bankruptcy Procedure, control over any contrary amounts listed below as to the current installment payment. In the absence of a contrary claim timely filed, the amounts stated below are controlling.

| Creditor | Collateral Description | Amount of Debt | Collateral Value | Monthly Payment |
|---|---|---|---|---|
| -NONE- | | | | |

11. **DOMESTIC SUPPORT OBLIGATIONS**

    ☑ None.

12. **PRIORITY CLAIMS (Excluding Domestic Support Obligations)**

The debtor will pay all priority claims including the following pursuant to 11 U.S.C. § 507 unless a claimant expressly agrees otherwise. See 11 U.S.C. § 1322(b)(10).

| Claimant | Type of Priority | Interest Rate (if applicable) | Scheduled Amount | Monthly Payment |
|---|---|---|---|---|
| -NONE- | | | | |

13. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**
Executory contracts and unexpired leases receive the following designated treatment. For all executory contracts and unexpired leases being assumed by the debtor pursuant to this plan, the debtor shall make all pre-confirmation 11 U.S.C. § 1326 adequate protection payments directly to the lessors pursuant to the terms of the contracts. For all contracts assumed, following the confirmation of the debtor's plan the debtor shall continue to make all payments directly to the creditors pursuant to the terms of the contracts. Upon confirmation, the automatic stay (including the co-debtor stay) is lifted as to rejected contracts or leases. Any claim submitted by such creditor will receive no distribution under this plan until an amended proof of claim reflecting any deficiency balance remaining following rejection, if applicable, is filed by such creditor.

| Creditor | Collateral Description | Reject | Assume |
|---|---|---|---|
| -NONE- | | | |

14. **SPECIALLY CLASSIFIED UNSECURED CLAIMS**
The following claims shall be paid as specially classified unsecured claims and shall receive the following designated treatment:

| Creditor | Amount of Debt | Amount of Debt to be Specially Classified | Interest Rate | Monthly Payment |
|---|---|---|---|---|
| -NONE- | | | | |

15. **UNSECURED CLAIMS**
    ☐ Percentage Plan: Allowed non-priority unsecured claims shall be paid through the distribution of the debtor's chapter 13 plan at a rate of _____%
    ☑ POT Plan: Allowed non-priority unsecured claims shall be paid through pro rata participation of $___**1,900.00**___ for the benefit of unsecured creditors, or until all allowed claims are paid in full.
    ☐ Base Plan: This is a Base plan with the debtor committing to plan payments as set out in paragraph 2 above.
    The general unsecured creditors shall be paid from funds remaining after disbursements have been made to all other creditors provided for by the plan. The amount paid to general unsecured creditors may increase or decrease depending on the allowed secured and priority claims. The dividend to unsecured creditors shall be no less than
    $_____ or _____%

    If the selected plan's dividend to unsecured creditors is less than 100%, the debtor proposes to pay to the trustee all projected disposable income for the applicable commitment period for the benefit of unsecured creditors as required by 11 U.S.C. § 1325(b).

16. **OTHER PLAN PROVISIONS**
    (a) Lien Retention: Allowed secured claim holders shall retain liens until the liens are released or upon completion of all payments under this plan unless specified in paragraph 6.

    (b) Vesting of Property of the Estate
    ☑ Property of the estate shall revest in the debtor upon confirmation of the debtor's plan.

    ☐ Property of the estate shall remain property of the estate subsequent to confirmation of this plan.

    All property of the estate, whether it remains in the estate or revests with the debtor upon confirmation of the plan, shall remain in the debtor's possession and control. Subject to the requirements of 11 U.S.C. §363, the debtor shall have use of property of the estate.

    (c) Direct Payments by Debtor: Secured creditors and lessors to be paid directly by the debtor may continue to mail to the debtor the customary monthly notices or coupons notwithstanding the automatic stay.

17. **NONSTANDARD PROVISIONS**

    ☐ None.
    Under Rule 3015(c), Federal Rules of Bankruptcy Procedure, nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in or deviates from this plan. Nonstandard provisions set out elsewhere in this plan are ineffective.

    The following plan provisions will be effective only if "Included" is selected in paragraph 1.1.3.

ALMB 3 (Rev 12/17)

All contractual provisions regarding arbitration or alternative dispute resolution are rejected in connection with the administration of this Chapter 13 case.

Under section 2, the plan payments are increased.
Under section 5.1 and 5.2, the SMPs to Max are lowered.
Under section 7, PNC Bank has been removed and added to section 9 as pay direct beginning June 2023.
Under section 8, the arrears owed on each PNC Bank contract through May 2023 is added.

18. **SIGNATURES OF DEBTOR AND DEBTOR'S ATTORNEY**
If the debtor does not have an attorney, the debtor must sign below. If he or she does have an attorney, the debtor's signature is optional. The debtor's attorney, if any, must sign below.

| /s/ William Tommy Price | /s/ Janet McGough Price |
|---|---|
| **William Tommy Price** | **Janet McGough Price** |
| Signature of Debtor | Signature of Joint Debtor |
| Executed on | Executed on |

/s/ Mary Conner Pool          Date    **May 19, 2023**
**MARY CONNER POOL**
Signature of Attorney for Debtor(s)

**By filing this document, the debtor and his or her attorney (if applicable) certify that the wording and order of the provisions in this chapter 13 plan are identical to those contained in ALMB Local Form 3, other than any nonstandard provisions included in paragraph 17.**